UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KING-JOSEPH: PENSON II, SUI JURIS, EXECUTOR AND SECURED PARTY FOR THE ESTATE OF KING JOSEPH PENSON II, | § § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:25-cv-01574-B |
| LAKEVIEW LOAN SERVICING, LLC, CODILIS & MOODY, P.C., | § § § § | |
| *Defendant.* | § § | |

### DEFENDANT CODILS & MOODY, P.C.'S  MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Codilis & Moody, P.C. ("Codilis") files this Motion to Dismiss plaintiff's claims against it for failure to state a claim upon which relief can be granted, and in support thereof shows the Court as follows:

### I.
### SUMMARY

1.   Defendant Codilis is a foreclosure law firm that defendant Lakeview Loan Servicing, LLC ("Lakeview") retained to advise and assist regarding the foreclosure of a lien on certain real property commonly known as 1501 Cast Iron Ln, Josephine, Texas 75164 (the "Property")[1], due to plaintiff's failure to pay the residential mortgage as contractually agreed.

---

[1] The Property is legally described as:
LOT 50, BLOCK "HH", OF MAGNOLIA, PHASE 9, AN ADDITION TO COLLIN AND HUNT COUNTIES, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER CLERK'S DOCUMENT NO. 20210908010003260, OFFICIAL PUBLIC RECORDS OF COLLIN COUNTY, TEXAS AND IN CABINET 2021, SLIDES 519-520, OF THE PLAT RECORDS OF COLLIN COUNTY, TEXAS AND RECORDED IN DOCUMENT NO. 2021-19391 AND CABINET I, SLIDES 500-503 OF THE PLAT RECORDS OF HUNT COUNTY, TEXAS. SAID LOT LOCATED WHOLLY WITHIN HUNT COUNTY, TEXAS.

2.  As a result of plaintiff's unresolved default under the terms of the Note and Deed of Trust, Codilis (in its capacity as foreclosure counsel to Lakeview) sent plaintiff a Notice of Acceleration (by certified and regular mail) on May 15, 2025.[2]

3.  Plaintiff's Complaint generally alleges that the defendants collectively engaged in fraud, misrepresentation, and default by dishonor and estoppel (ECF Docket No. 1, Attachment #4).

4.  Plaintiff has failed to state a claim upon which relief can be granted against defendant Codilis. All of plaintiff's claims against Codilis arise from its relationship as foreclosure counsel for Lakeview, and Codilis is therefore immune from suit by plaintiff for conduct undertaken in its capacity as legal counsel, and because plaintiff alleged no wrongdoing on the part of Codilis.

## II.
## ARGUMENT AND AUTHORITIES

### The Applicable Standard for a 12(B)(6) Motion.

5.  To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n.5 (2007). Even though the complaint is to be construed liberally and in the light most favorable to the nonmoving party, a plaintiff must plead enough facts to state a claim that is at least plausible on its face. *Id.* at 1973-74. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his

---

[2] Although generally the court may not look beyond the pleadings, the court may examine the complaint, documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims. *Munoz v. HSBC Bank USA, N.A.,* No. H-12-0894, 2013 WL 265982 *2 (S.D. Tex. 2013); citing, *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594F.3d 383, 387 (5th Cir. 2010)); *Collins v. Morgan Stanley Dean Witter,* 244 F.3d 496, 498-499 (5th Cir. 2000). Further, "even if not attached or incorporated by reference, a document 'upon which the complaint solely relies and which is integral to the complaint' may be considered by the court in ruling on an FRCP 12(b)(6) motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d. Cir. 2007).

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)).  A complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id*. at 1966. This standard is referred to as the "flexible plausibility standard." See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

### Codilis & Moody, P.C. is Entitled to Attorney Immunity.

6.     In general, attorneys are immune from suit by their client's adversaries for conduct undertaken in their capacity as attorneys. The doctrine of attorney immunity provides attorneys an opportunity to practice their profession, without a conflict between advocating zealously for their clients' best interests as deemed necessary and proper and their own personal exposure to liability from non-parties in the discharge of their duties within the scope of their client's representation. *Campbell v Mortgage Electronic Registration Systems Inc*., 2012 WL 1839357, at *5-6 (Tex. App. – Austin, May 18, 2012, pet. denied.) (mem. op.) (Attorneys hired to assist a mortgage beneficiary in the non-judicial foreclosure of real property were immune from the borrowers' suit for wrongful foreclosure.)  In simplest terms, attorneys have a right to "practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." See *Kruegel v. Murphy*, 126 S.W. 343 (Tex. Civ. App.—Dallas 1910, writ ref'd).

7.     It is a common practice for Codilis, and other foreclosure firms, to be improperly joined in litigation given their role as counsel on behalf of their mortgagee clients. The Fifth Circuit has affirmed multiple judgments dismissing similar foreclosure counsel from litigation in which said counsel were improperly joined in cases brought against them in connection with their legal defense of mortgagees, as is the case herein. *See e.g.*, *Lassberg v. Bank of America, N.A*., 2016 WL 4446074 (5th Cir. August 23, 2016) (unpublished); *Trang v. Taylor Bean*, 2015 WL 78772 (5th

Cir. January 7, 2015) (unpublished); *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. Appx. 274 (5th Cir. June 6, 2014) (unpublished);[3] *L'Amoreaux v. Wells Fargo Bank, N.A.*; 755 F.3d 748 (5th Cir. 2014);[4] and *Iqbal v. Bank of America, N.A.,* 559 Fed. Appx. 363, 364 (5th Cir. Mar. 18, 2014).[5]

8.    Additionally, Texas courts have universally rejected the contention that foreclosure counsel can be independently liable to a borrower for assisting the mortgagee with foreclosure. *See Givens v. Midland Mortg. Co.*, 393 S.W.3d 876, 881 (Tex. App.–Dallas 2012, no pet.) (affirming summary judgment to law firm acting as legal counsel for mortgage servicer in providing foreclosure notice on behalf of lender); *Campbell v. Mortg. Elec. Registration Sys. Inc.*, 2012 WL 1839357, at *6 (Tex. App.–Austin 2012, pet. denied) (mem. op.) (affirming dismissal of claims against law firm for actions taken within scope of representation of client during non-judicial foreclosure); *Smith v. National City Mortgage*, 2010 WL 3338537, *4 (W.D. Tex. 2010) ("Representing a mortgage company and filing a foreclosure action against homeowners who have defaulted on their loan is clearly the kind of conduct an attorney engages in as part of the discharge of his duties in representing a party in a lawsuit."); *Santiago v. Mackie Wolf Zientz & Mann, P.C.,*

---

[3] In *Rojas v. Wells Fargo Bank, N.A.,* the Fifth Circuit held, foreclosure counsel was improperly joined because attorneys are generally immune from suits brought under Texas law against them by their adversaries if the action arises out of the duties involved in representing a client. *See Chapman Children's Trust at* 440-441.

[4] In *L'Amoreaux v. Wells Fargo Bank, N.A.*, the Fifth Circuit held with respect to foreclosure counsel, "[T]he L'Amoreauxes must allege that Barrett Daffin knowingly made or presented a document that reflected a false lien or interest in the property. Here, aside from a single sentence in their complaint in which the L'Amoreauxes baldly assert that the defendants acted knowingly, there is no evidence to suggest that this is the case. " *See Rios v. City of Del Rio*, Tex. 444 F.3d 417, 420 (5th Cir. 2006)('[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[5] In *Iqbal v. Bank of America, N.A.*, the Fifth Circuit held, "Barrett Daffin Frappier Turner & Engel, L.L.P. was retained to assist in the foreclosure, and the actions complained of by the Iqbals are within the scope of their representation. The Iqbals argue that attorney immunity applies only in the litigation context, but that stance is not in line with Texas law." *Iqbal v. Bank of America, N.A*, 2014 WL 1017101, at *2 (5th Cir. Mar. 18, 2014) (unpublished)(citing *Campbell* at *5-6 (Tex. App. – Austin, May 18, 2012, pet. denied.).

2017 WL 944027 (Tex. App. – Dallas, 2017)(holding foreclosure counsel protected from liability afforded by the attorney immunity doctrine).

9. The Texas Supreme Court has clearly spoken to the issue and held that "attorneys are immune from civil liability to non-clients 'for actions taken in connection with representing a client in litigation.'" *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (quoting *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)); *U.S. Bank Nat'l Assoc. v. Sheena*, 479 S.W.3d 475 (Tex. App. - Houston [14th Dist.] 2015). So long as an attorney's complained-of conduct was performed in the course and scope of his representation of his client and also required the office, professional training, skill, and authority of an attorney—immunity bars any and all claims against the attorney. *Byrd*, 467 S.W.3d at 481.

10. As illustrated above, Texas has a strong public policy of protecting attorneys from the claims of third parties in an effort to facilitate zealous legal representation. Codilis' conduct on behalf of Lakeview does not expose Codilis to plaintiff. As such, plaintiff has failed to assert any cause of action against Codilis that does not fail as a matter of law.

11. Plaintiff has failed to assert any viable claims against Codilis and therefore no actual controversy exists between plaintiffs and Codilis. Accordingly, Codilis is entitled to an order dismissing all of plaintiff's claims against it.

### III.
### CONCLUSION

12. Plaintiff's allegations do not give rise to any plausible cause of action against Codilis. Even if all facts alleged by plaintiff are assumed true, which they are not, Codilis is protected under the umbrella of attorney immunity. As such, Plaintiff's claims against Codilis should be dismissed with prejudice pursuant to Rule 12(b)(6).

## PRAYER

Pursuant the reasons set out herein, Codilis respectfully requests that the Court dismiss plaintiff's Complaint against it for failure to state a claim upon which relief can be granted and further request that the Court grant it any and all additional relief, whether at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: */s/ Danya F. Gladney*
Danya F. Gladney SBOT 24059786
Nicole Bartee SBOT 24001674
Kelly M. Doherty SBOT 24118059
20405 State Highway 249, Suite 170
Houston, TX 77070
Telephone: (281) 925-5200
Email: danya.gladney@tx.cslegal.com

**ATTORNEYS FOR CODILIS & MOODY, P.C.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of June, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

Shawnika L. Brooks
101 E. Park Blvd., Ste. 600
Plano, Texas 75074
slbrooks@aldridgepite.com
Attorney for Defendants Lakeview

King-Jospeh: Penson II
217 E. Main St. #955
Royse City, Texas 75189
legal@kingpensonii.com
Pro Se Plaintiff

                                        */s/ Danya Gladney*
                                        Danya Gladney