IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KING-JOSEPH: PENSON II. SUI JURIS. EXECUTOR AND SECURED PARTY FOR THE ESTATE OF KING JOSEPH PENSON II, | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-1574-B-BN |
| LAKEVIEW LOAN SERVICING, LLC and CODILIS & MOODY. P.C., | § § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff King Joseph Penson, II ("Penson") filed in a Hunt County, Texas state court this *pro se* lawsuit concerning the foreclosure sale of real property known as 1501 Cast Iron Ln., Josephine, TX 75164, and Defendant Lakeview Loan Servicing, LLC removed, asserting that there is federal subject-matter jurisdiction based on complete diversity because Penson improperly joined as a defendant Lakeview's foreclosure counsel, Codilis & Moody, P.C. ("Codilis"). *See* Dkt. Nos. 1-3.

United States District Judge Jane J. Boyle referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 8.

The Court has found that it possesses subject-matter jurisdiction over this lawsuit because Lakeview carried its burden to establish that Penson improperly joined Codilis and has otherwise shown jurisdiction under 28 U.S.C. § 1332. *See*

*Penson v. Lakeview Loan Servicing, LLC*, No. 3:25-cv-1574-B-BN, 2025 WL 2181694 (N.D. Tex. July 1, 2025), *rec. accepted*, 2025 WL 2322791 (N.D. Tex. Aug. 12, 2025).

The parties then filed motions for summary judgment, *see* Dkt. Nos. 16, 22, & 23, and Penson moved for leave to amend his complaint, *see* Dkt. No. 25.

While briefing as to these motions will close on September 17, 2025, *see* Dkt. No. 27, on August 14, 2025, Penson moved for a temporary restraining order ("TRO"), asking the Court to prevent Lakeview, "their agents, successor, assigns, and persons acting in active concert or participation with them" from evicting him from the property in Josephine. Dkt. No. 39. And Penson attaches to his TRO motion an eviction citation entered by a Hunt County justice of the peace requiring that Penson appear before her on August 26, 2025 to answer in an eviction action based on unpaid rent and cost that was filed against him by an individual identified as John Burrows (not a defendant to this lawsuit). *See id.* at 5.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the request for a TRO.

## Discussion

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v.*

*Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

So, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

Considering these legal standards, the motion for a TRO should be denied because Penson has not shown that the Court has jurisdiction to grant the relief sought.

Penson's contentions may be difficult to decipher to the extent that he relies on so-called sovereign citizen theories, "teachings [that] have never worked in a court of law – not a single time." *Weigel v. Gray*, Civ. A. No. H-24-128, 2024 WL 289027, at *4 (S.D. Tex. Jan. 25, 2024) (collecting vases; quoting *Wirsche v. Bank of Am., N.A.*, No. 7:13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013)); *see also Haywood v. Tex. Realtor*, No. 3:22-cv-2174-K-BT, 2023 WL 5597346, at *3 (N.D. Tex. Aug. 7,

2023) ("So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. And sovereign citizens often attempt to use their beliefs to, among other things, extinguish debts. But sovereign citizen legal arguments and theories are not valid in the courts of the United States and have been overwhelmingly rejected for years as frivolous and indisputably meritless." (cleaned up)), *rec. accepted*, 2023 WL 5604130 (N.D. Tex. Aug. 29, 2023); *Watson v. Tex. State Univ.*, 829 F. App'x 686 (5th Cir. 2020) (per curiam) ("[L]egal theories associated with the sovereign citizen movement" "involving admiralty law, copyright infringement, the Uniform Commercial Code, fictional personhood, and contractual interpretation of criminal laws" "are frivolous and entirely without merit.").

But the relief that Penson now seeks – to halt an eviction that is the subject of a separate state court proceeding, *compare* Dkt. No. 1-4, *with* Dkt. No. 39 at 5 –

> necessarily implicates the Anti-Injunction Act (AIA), 28 U.S.C. § 2283. The AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Act "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990). These exceptions are each construed narrowly and should not be broadened by "loose statutory construction." *Gibbs v. Lufkin Indus., Inc.*, 487 F. App'x 916, 919 (5th Cir. 2012). As to the "necessary in aid of jurisdiction" exception, courts have found that it applies "only where a state proceeding threaten[s] to

> dispose of property that form[s] the basis for federal *in rem* jurisdiction or where the state proceeding threaten[s] the continuing superintendence by a federal court." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297(1970).

*Hart v. Wells Fargo Bank, N.A.*, No. 3:14-cv-1111-B, 2014 WL 12531171, at *1 (N.D. Tex. Apr. 30, 2014); *see id.* at *3 (where Judge Boyle examined Texas's foreclosure and forcible detainer law, the court found that, "because a forcible detainer action only decides rights of immediate possession and will still allow this Court to determine ultimate issues of title, the state eviction proceedings are not parallel to these proceedings and allowing the state court action to proceed concurrently with this action will therefore not dispose of the *res* or take it out of this Court's supervision" and then concluded that, "[i]n light of the Court's responsibility to construe the exceptions to the AIA narrowly, and taking into account the fact that the AIA is firmly rooted in principles of comity between the federal and state courts, the Court cannot find that it has jurisdiction to enjoin the state proceedings under these circumstances" (citations omitted)); *accord Johnson v. MNSF II WI LLC*, No. 3:24-cv-1499-B-BN, 2024 WL 3331584 (N.D. Tex. June 18, 2024), *rec. accepted*, 2024 WL 3333245 (N.D. Tex. July 8, 2024).

The Fifth Circuit and other judges in this district and other districts in this circuit have reached the same conclusion. *See, e.g.*, *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415-16 (5th Cir. 2013) (per curiam) ("The relief sought, in practical effect, would enjoin Wells Fargo from enforcing a valid extant judgment of a Texas

court. The district court is denied jurisdiction to grant that relief by the [AIA]." (citation omitted)); *Andrade v. Bank of N.Y. Mellon*, No. 3:14-cv-783-N-BK, 2014 WL 12531168, at *1-*2 (N.D. Tex. Mar. 19, 2014); *Joseph v. Marie*, Civ. No. 24-1783, 2025 WL 242206 (W.D. Tex. Jan. 17, 2025).

## Recommendation

The Court should deny the request for a TRO [Dkt. No. 39].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE