IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KING-JOSEPH: PENSON II. SUI     §
JURIS. EXECUTOR AND SECURED     §
PARTY FOR THE ESTATE OF KING     §
JOSEPH PENSON II,     §
    §
       Plaintiff,     §
    §
V.     §       No. 3:25-cv-1574-B-BN
    §
LAKEVIEW LOAN SERVICING, LLC     §
and CODILIS & MOODY. P.C.,     §
    §
       Defendants.     §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff King Joseph Penson, II ("Penson") filed this *pro se* lawsuit concerning the foreclosure sale of real property known as 1501 Cast Iron Ln., Josephine, Texas in a Hunt County, Texas state court, and Defendant Lakeview Loan Servicing, LLC ("Lakeview") removed, asserting that there is federal subject matter jurisdiction based on complete diversity because Penson improperly joined as a defendant Lakeview's foreclosure counsel, Codilis & Moody, P.C. ("Codilis"). *See* Dkt. Nos. 1-3.

Senior United States District Judge Jane J. Boyle referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 8.

Considering the pleadings, the Court has found that it has subject matter jurisdiction over this lawsuit because Lakeview carried its burden on removal to establish that Penson improperly joined Codilis and otherwise plausibly alleged

jurisdiction under 28 U.S.C. § 1332. *See Penson v. Lakeview Loan Servicing, LLC*, No. 3:25-cv-1574-B-BN, 2025 WL 2181694 (N.D. Tex. July 1, 2025), *rec. accepted*, 2025 WL 2322791 (N.D. Tex. Aug. 12, 2025).

And the Court denied Penson's motion for a temporary restraining order aimed at preventing his eviction because he failed to show that the Court had jurisdiction to grant that relief. *See Penson v. Lakeview Loan Servicing, LLC*, No. 3:25-cv-1574-B-BN, 2025 WL 2538020 (N.D. Tex. Aug. 15, 2025), *rec. accepted*, 2025 WL 2532675 (N.D. Tex. Sept. 3, 2025).

Before the Court now are the parties' motions for summary judgment and Penson's motion for leave to amend. Penson moved first, requesting summary judgment on his claims the day after Judge Boyle accepted the undersigned's recommendation that Lakeview has properly alleged the Court's subject matter jurisdiction. *See* Dkt. No. 16. Twenty-one days later, Lakeview moved for summary judgment on Penson's claims. *See* Dkt. Nos. 22 & 23. The next day, Penson moved to amend his claims. *See* Dkt. No. 25.

And, for the reasons and to the extent explained below, the Court should remand this lawsuit on its own motion for lack of subject matter jurisdiction unless, within the time to file objections to that recommendation, Lakeview – as the party that has invoked the Court's diversity jurisdiction through removal – provides evidence to support its jurisdictional allegations, and, if it does, the Court should instead deny Penson's motions for summary judgment and to amend, grant Lakeview's motion for summary judgment, and dismiss this action with prejudice.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). And "[a] factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (cleaned up). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential

to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence

- 4 -

supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)); *Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353, 355 (5th Cir. 2019) (A court must "view the evidence and draw all justifiable inferences in favor of the nonmovant. Even so, barebones, conclusory, or otherwise-unsupported assertions won't cut it; the nonmovant 'must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.'" (footnotes omitted)).

So, "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."

*Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for

- 6 -

trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007); *accord Wilson v. Dall. Indep. Sch. Dist.*, No. 3:18-cv-34-G-BN, 2020 WL 825819, at *7 (N.D. Tex. Jan. 17, 2020) ("[B]eyond peradventure" means "beyond doubt." (cleaned up)), *rec. adopted*, 2020 WL 821034 (N.D. Tex. Feb. 18, 2020).

The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). And, so, "summary judgment is appropriate where the evidence would require a directed verdict." *Hernandez v. Trendy Collections, LLC*, No. 3:17-cv-2049-BN, 2018 WL 4103723, at *13 (N.D. Tex. Aug. 29, 2018) (cleaned up).

"[T]he traditional leniency afforded to a *pro se* plaintiff does not excuse [the Crears] from [their] burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam) (citing *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.")).

And, "[a]lthough courts should advise *pro se* [parties] of procedural rules," *Brown v. Megg*, 857 F.3d 287, 289 n.1 (5th Cir. 2017) (citing *Davis*, 798 F.3d at 293-94), the United States Court of Appeals for the Fifth Circuit "has held that they need not be given additional notice of the consequences of a summary judgment motion and the right to submit opposing affidavits as the notice given by Rule 56 and the local rules suffices," *id.* (citing *Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992)); *see also Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996)

("[T]here is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.").

But the verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings meet the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

As to Penson's moving for leave to amend claims on which he has already moved for summary judgment, "[a]n amended complaint, which supersedes the original complaint as the operative live pleading, generally renders moot a motion for summary judgment on the original complaint." *Lofty, LLC v. McKelly Roofing, LLC*, No. 2:17-CV-159-D-BR, 2018 WL 6004307, at *1 (N.D. Tex. Nov. 7, 2018) (citations omitted), *rec. adopted*, 2018 WL 6000147 (N.D. Tex. Nov. 15, 2018); *see also Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) (per curiam) ("Once filed, that amended complaint rendered all earlier motions, including [Plaintiff's] motion

for partial summary judgment, moot." (citing *King*, 31 F.3d at 346)).

Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

"Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her 'best case' after being apprised of pleading deficiencies. Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility." *Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) (citations omitted).

As to futility, "[i]f the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

In this regard, the Court must "ask whether, in [a] proposed amended complaint, [the plaintiff] has pleaded 'factual content that allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

This facial "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*,

556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

## Analysis

I. **The Court currently lacks evidence that is at least sufficient to support a jury finding of the citizenship of each party, a deficiency that prevents subject matter jurisdiction to grant a motion for summary judgment in this case.**

The Court must begin with its subject matter jurisdiction – its "power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023); *see also Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

On July 28, 2025, the Court entered an order setting briefing schedules as to the motions for summary judgment and Penson's motion for leave to amend that set out in part that

> [t]he Court recognizes first that, prior to entry of this order, each side filed an opposition to the other side's motion for summary judgment. *See* Dkt. Nos. 22-24. Each side is welcome to stand on that response. But each side may also file a superseding response consistent with this order. And the Court will consider the later of any two substantive responses.
> As to why filing a superseding response may be desirable, the United States Court of Appeals for the Fifth Circuit recently explained that, in a diversity case,
> - "[a]t the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each" party;
> - "[a]t the summary judgment stage," the party invoking the federal court's jurisdiction "must provide evidence sufficient to support a jury finding of the citizenship of" each party; and,
> - "at trial," the party invoking the federal court's jurisdiction "must prove the citizenship of each" party.
>
> *Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (published order); *accord J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 323 (5th Cir. 2024) (published order); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 n.* (5th Cir. 2019).
> The Fifth Circuit has also long held that district courts can and should do their own fact-finding and final determinations on their subject-matter jurisdiction over a case at any stage, including before summary judgment. *See Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010) ("Judges have the power to resolve certain threshold issues without the participation of a jury before the adjudication of a case on its merits. For example, when subject matter jurisdiction over a case turns on disputed facts, judges have the power to resolve these disputes in assuring themselves of their courts' jurisdiction."); *Edwards v. Associated Press*, 512 F.2d 258, 262 n.8 (5th Cir. 1975) ("Consideration of affidavits and, where necessary, the taking of testimony are

appropriate means for resolving jurisdictional disputes.").

And, when district courts determine "the existence of subject matter jurisdiction in fact," the courts do not proceed under the strictures, burdens, or standards that apply to motions under Federal Rules of Procedure 12(b)(6) and 56, such as attaching "presumptive truthfulness … to [a] plaintiff's [or removing defendant's] allegations." *Chatham Condo. Associations v. Century Vill., Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979) (cleaned up). A district court is instead "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case"; "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims"; and the party invoking the federal court's jurisdiction "will have the burden of proof that jurisdiction does in fact exist." *Id.* (cleaned up).

To comply with this governing law, in this diversity case under Section 1332, for the party invoking the federal court's jurisdiction to prevail on its motion for summary judgment, it must provide the Court evidence that is at least sufficient to support a jury finding of the citizenship of each party but – better yet (to the extent there is a difference in degree here) – evidence that is sufficient for the Court to evaluate and determine on its own the citizenship of each party. *See, e.g.*, *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home."); *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) ("In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." (citations omitted)).

Dkt. No. 27 at 2-5 (further providing that supplemental responses must be filed by September 2, 2025).

On September 2, Lakeview filed a supplemental response that adds a paragraph titled Jurisdictional Findings and provides:

Defendant removed this action from state court on the basis of diversity jurisdiction arguing that Plaintiff is a citizen of Texas, Defendant is a citizen of Delaware and Florida, and Codilis & Moody, P.C.'s citizenship need not be considered because it is an improperly

- 13 -

joined defendant. (Doc. 1). On July 1, 2025, the Court entered its Finding, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 15) dismissing Codilis & Moody, P.C. as improperly joined. On August 12, 2025, the Court entered its Order Accepting Finding, Conclusions and Recommendation of the Magistrate Judge finding "the removing Defendants Lakeview Loan Servicing, LLC, has carried its burden to establish that Plaintiff King Joseph Penson, II improperly joined a nondiverse party, Codilis & Moody, P.C., and has otherwise shown subject-matter jurisdiction under 28 U.S.C. § 1332." *See* (Doc. 38).

Dkt. No. 43 at 8 (cleaned up).

Those statements are true. But the Court's prior analysis is limited to the showings that must be made at the pleadings stage. And, so, that analysis may not be relied on where, "in this diversity case under Section 1332," Lakeview's burden at the summary judgment stage – as "the party invoking the federal court's jurisdiction" through removal – is to "provide the Court evidence that is at least sufficient to support a jury finding of the citizenship of each party but – better yet (to the extent there is a difference in degree here) – evidence that is sufficient for the Court to evaluate and determine on its own the citizenship of each party." Dkt. No. 27 at 4.

And, considering the Fifth Circuit authority set out in the July 28 order, as recounted above, absent sufficient evidence to support the citizenship of each party at this stage – to satisfy the Court that there is subject matter jurisdiction to allow it to grant a motion for summary judgment – the Court likely cannot enter summary judgment but likely must remand this lawsuit for lack of subject matter jurisdiction, as the removal statute "declares that, where subject matter jurisdiction is lacking, the removed case '*shall* be remanded.'" *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original; quoting 28 U.S.C. § 1447(c));

*see, e.g.*, *Riddley v. CooperSurgical, Inc.*, \_\_\_ F. Supp. 3d \_\_\_\_, No. 2:24-cv-109-BR, 2025 WL 3062996, at *5 (N.D. Tex. Nov. 3, 2025) ("At the summary judgment stage particularly, the requirement is for evidence, and there is no record evidence in this case on which a reasonable jury could base a finding as to CooperSurgical's citizenship. As a result, Defendants, who bear the primary burden to make a showing of subject matter jurisdiction in this removed case, have not carried that burden. Plaintiff, who bears a secondary burden to the extent she wants the case to remain in federal court, has also not carried it. As a result, the Court is unable to make a summary judgment finding that it possesses subject matter jurisdiction. Without such a finding, the Court lacks the power to consider the case at this stage of litigation."); *see also MidCap*, 929 F.3d at 315 n.* ("Citizenship issues, like every factual issue necessary to support subject matter jurisdiction, must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." (cleaned up)).

Even so, the 14-day period to file objections to these findings, conclusions, and recommendation, as further explained below, allows Lakeview an opportunity to submit sufficient evidence to establish that each plaintiff's citizenship is diverse from each defendant's citizenship and thus carry its burden to show, at this stage of the litigation, that the Court possesses subject matter jurisdiction under Section 1332.

And, if Lakeview can support the citizenship allegations with sufficient evidence, the Court should deny Penson's motions for summary judgment and to

amend, grant Lakeview's motion for summary judgment, and dismiss this action.

> **II.  If evidence can be offered to support the citizenship allegations, the Court should deny Penson's motions for summary judgment and to amend, grant Lakeview's motion for summary judgment, and dismiss this action.**

Liberally construed, Penson asserts claims of breach of contract, misrepresentation, and fraud based on his sending to Lakeview "a valid instrument intended for full settlement" and its "fail[ure] to honor it or respond in good faith." Dkt. No. 1-4 at 9; *see also id.* at 10 ("Defendants misrepresented themselves as lawful creditors or agent without providing proof" and "failed to respond to lawful noticed" and therefore "triggered default and estoppel by operation of law.").

Penson's filings include UCC financing statements, "affidavit[s] of truth," and a "legal notice and demand" announcing that "this is a contract in admiralty jurisdiction." *See, e.g.*, Dkt. No. 1-4.

As the Court previously noted,

> Penson's contentions may be difficult to decipher to the extent that he relies on so-called sovereign citizen theories, "teachings [that] have never worked in a court of law – not a single time." *Weigel v. Gray*, Civ. A. No. H-24-128, 2024 WL 289027, at *4 (S.D. Tex. Jan. 25, 2024) (collecting cases; quoting *Wirsche v. Bank of Am., N.A.*, No. 7:13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013)); *see also Haywood v. Tex. Realtor*, No. 3:22-cv-2174-K-BT, 2023 WL 5597346, at *3 (N.D. Tex. Aug. 7, 2023) ("So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. And sovereign citizens often attempt to use their beliefs to, among other things, extinguish debts. But sovereign citizen legal arguments and theories are not valid in the courts of the United States and have been overwhelmingly rejected for years as frivolous and indisputably meritless." (cleaned up)), *rec. accepted*, 2023 WL 5604130 (N.D. Tex. Aug. 29, 2023); *Watson v. Tex. State Univ.*, 829 F. App'x 686 (5th Cir. 2020) (per curiam) ("[L]egal

- 16 -

theories associated with the sovereign citizen movement" "involving admiralty law, copyright infringement, the Uniform Commercial Code, fictional personhood, and contractual interpretation of criminal laws" "are frivolous and entirely without merit.").

*Penson*, 2025 WL 2538020, at \*2; *cf. Moore v. JP Morgan Chase*, No. 24-11075, 2025 WL 1514115, at \*1 (5th Cir. May 27, 2025) (per curiam) (affirming district court's denial of leave to amend as futile and dismissal of a lawsuit where *pro se* plaintiff "submitted payment for a loan in the form of an endorsed payment bill that he created. In other words, Moore tried to pay without money." (citation omitted)).

And Penson's proposed amended complaint [Dkt. No. 25-1] offers nothing to cure his frivolous theories of recovery. So the Court should deny his request for leave to amend as futile.

The Court should also deny Penson's motion for summary judgment on his claims. His inability to allege factual content that allows the Court to reasonably infer that any defendant is liable for the misconduct asserted also prevents a finding that Penson has carried the heavy burden of establishing beyond peradventure – that is, beyond doubt – all essential elements of the claims that he asserts.

And, if Lakeview can carry its evidentiary burden as explained above, the Court should grant Lakeview summary judgment on Penson's claims.

To reiterate, summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

While "[a]ll reasonable inferences are drawn in favor of the nonmoving party," that party "cannot defeat summary judgment with conclusory allegations,

unsubstantiated assertions, or only a scintilla of evidence." *Keister ex rel. Est. of Orr v. Dolgencorp, L.L.C.*, 139 F.4th 449, 452 (5th Cir. 2025) (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

And that is all that Penson has offered, as he has failed to come forward with evidence of specific facts based on his own knowledge – not merely conclusory assertions – that would be admissible at trial and thus create a genuine issue of material fact that could defeat summary judgment. *See, e.g., Cloud49, L.L.C. v. Rackspace Tech., Inc.*, No. 24-50385, 2025 WL 763474, at *3 (5th Cir. Mar. 11, 2025) (per curiam) ("[A]ll summary judgment evidence" "must be 'made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.' And these facts must be particularized, not vague or conclusory." (quoting FED. R. CIV. P. 56(c)(4), then citing *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021))).

### Recommendation

If within the time to file objections, Defendant Lakeview Loan Servicing, LLC ("Lakeview"), as the party invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1332 through removal, provides evidence that is at least sufficient to support a jury finding of the citizenship of each party, the Court should grant Lakeview's motion for summary judgment on Plaintiff King Joseph Penson, II's claims [Dkt. No. 22], deny Penson's motions for summary judgment and leave to amend [Dkt. Nos. 16 & 25], and dismiss this lawsuit with prejudice.

But, if Lakeview fails to timely provide this required evidence, the Court

- 18 -

should *sua sponte* remand this lawsuit to the state court from which it was removed for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 5, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE